Tionna Dolin (SBN 299010)
tdolin@splattorney.com
Hayk Proshyan (SBN 310039)
hproshyan@splattorney.com
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430
Los Angeles, California 90067
Telephone:  (310) 929-4900
Facsimile:   (310) 943-3838

Attorneys for Plaintiff
SAED SAMANDARYMATOF and SANDRA STOREY o/b/o POINT TO POINT LIMO, LLC.

Sephen H. Dye (104385)
sdye@schnader.com
Charles F. Harlow (200702)
charlow@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, 19th Floor
San Francisco, California 94108-2736
Tel:  323-653-3900
Fax: 323-653-3021

Attorneys for Defendants
FORD MOTOR COMPANY and SOUTH BAY FORD, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAED SAMANDARYMATOF and SANDRA STOREY o/b/o POINT TO POINT LIMO, LLC., <br><br>Plaintiffs, <br><br>v. <br><br>FORD MOTOR COMPANY and SOUTH BAY FORD, INC. <br><br>Defendants. | Case No. 2:18-CV-09138-FMO-RAO <br><br>JOINT RULE 26(f) REPORT |

Pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure* and Local

**JOINT RULE 26(F) REPORT**

Rule 26.1, the parties submit this joint report, following their conference held on January 2, 2018:

*A.     Statement of the Case*

Plaintiffs Saed Samandarymatof and Sandra Storey ("Plaintiff") bring this motor vehicle lemon law action against Defendants Ford Motor Company ("FMC") and South Bay Ford, Inc. ("South Bay") or collectively ("Defendants") pursuant to 28 U.S.C. § 1331 because the action alleges claims pursuant to 15 U.S.C. § 2310, the Magnuson Moss Warranty Act. Plaintiffs also allege violations of the the Song-Beverly Consumer Warranty Act (Cal. Code. Civ. Proc. §§1790 et seq.) (the "Act"). In the Complaint, Plaintiffs allege that Defendant breached the implied and express warranties that accompanied Plaintiffs' purchase of a 2016 Lincoln Navigator, vehicle identification number 5LMJJ3HTXGEL08199 (the "Subject Vehicle") on or around February 6, 2018.

Plaintiffs allege (1) that the Subject Vehicle suffers from defects which substantially impair the vehicle's use, value, and/or safety (2) Defendant breached the express written warranty provided to Plaintiff; (3) Defendant failed to conform the applicable warranties within 30 days, (4) Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period; (5) Defendant willfully failed to comply with its obligations under the express warranty and the Song-Beverly Consumer Warranty Act by failing to repurchase the Subject Vehicle and is liable for civil penalty damages of up to two times Plaintiff's actual damages; (6) Defendant breached the implied warranty of merchantability.

Defendant Ford Motor Company contends there are no defects and, to whatever extent a defect did exist, Ford has successfully repaired the Subject Vehicle and conformed it to warranty.

The parties have reached a settlement in-principle. On January 3, 2019 the parties filed a stipulation to continue the Scheduling Conference to allow the

parties sufficient time to finalize the settlement in action. The parties' stipulation was denied on January 4, 2019.

**B.     Subject Matter Jurisdiction**

Plaintiffs filed this action on September 21, 2018, in Los Angeles County Superior Court. Defendant removed this action to the Central District on October 24, 2018. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the action alleges claims pursuant to 15 U.S.C. § 2310, the Magnuson Moss Warranty Act.

**C.     Legal Issues**

Plaintiffs allege (1) that the Subject Vehicle suffers from defects which substantially impair the vehicle's use, value, and/or safety (2) Defendant breached the express written warranty provided to Plaintiff; (3) Defendant failed to conform the applicable warranties within 30 days, (4) Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period; (5) Defendant willfully failed to comply with its obligations under the express warranty and the Song-Beverly Consumer Warranty Act by failing to repurchase the Subject Vehicle and is liable for civil penalty damages of up to two times Plaintiff's actual damages; (6) Defendant breached the implied warranty of merchantability.

Defendant Ford Motor Company contends there are no defects, and to whatever extent a defect did exist, Ford has successfully repaired the Subject Vehicle and conformed it to warranty.

Further legal issues may be expected to arise as investigation and discovery continue.  However, the Parties do not believe that there are any unusual legal issues that will be presented by this case.  Furthermore, the Parties do not anticipate any requests for severance, bifurcation or other ordering of proof.

**E.     Damages**

Plaintiffs seek restitution, actual damages, various incidental and

consequential damages, civil penalties (of up to two times the actual damages), pre-judgment interest, attorney's fees, expenses and costs. The parties have reached a settlement in principle.

### F. *Insurance*

The Parties are not aware of any insurance coverage applicable to this matter.

### G. *Motions*

The Parties do not anticipate adding any parties or claims or any venue changes.

### H. *Manual for Complex Litigation*

Not applicable to this case.

### I. *Status of Discovery*

The parties have not yet commenced discovery.

### J. *Discovery Plan*

The parties have not discussed a discovery plan because there is a settlement in principle. However, if needed, Plaintiffs' anticipated discovery, at a minimum, will include the deposition of Defendant's 30(b)(6) witnesses, its authorized repair facility and its servicing technicians, and any other individuals with relevant information regarding the Subject Vehicle. Plaintiff will also propound requests for admissions, written interrogatories, and document demands.

### K. *Discovery Cut-off*

The parties have not discussed discovery cutoffs at this point because there is a settlement in-principle.

### L. *Expert Discovery*

The alleged defects regarding the Vehicle implicate expert evidence. The parties will comply with the *Federal Rules of Civil Procedure* for the completion of expert discovery if need be. The parties have reached a settlement in principle.

### M. *Dispositive Motions*

At this time, the parties do not know whether they will ask the Court to

resolve any claims through any dispositive motions.

### N. Settlement

The parties have reached a settlement in principle. As part of the settlement agreement, Plaintiffs will need to surrender the vehicle and Defendant will need to pay the remaining balance of the settlement amount.

### O. Trial Estimate

If needed, Plaintiffs estimate a 5-7-day jury trial.

### P. Trial Counsel

**1. Plaintiffs' Trial Counsel**

Tionna Dolin

Hayk Proshyan

Strategic Legal Practices, APC

**2. Defendant's Trial Counsel**

Sephen H. Dye

Charles F. Harlow

SCHNADER HARRISON SEGAL & LEWIS LLP

### Q. Independent Expert or Master

The parties do not believe the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert. The parties have reached a settlement in principle.

### R. Timetable

The parties have not discussed a timetable yet. The parties have reached a settlement in principle.

### S. Other Issues

The parties do not anticipate adding any additional parties at this time. The Parties reserves the right to add parties, if necessary. The parties have reached a settlement in principle.

| | | |
|---|---|---|
| 1 | Dated: January 8, 2019 | **SCHNADER HARRISON SEGAL & LEWIS LLP** |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | Stephen H. Dye<br>Charles F. Harlow |
| 5 | | Attorneys for Defendants |
| 6 | | |
| 7 | Dated: January 8, 2019 | **STRATEGIC LEGAL PRACTICES, APC** |
| 8 | | |
| 9 | | By: /s/ |
| 10 | | Tionna Dolin<br>Hayk Proshyan |
| 11 | | Attorneys for Plaintiffs |

**ATTESTATION OF ELECTRONIC SIGNATURES**

I, Hayk Proshyan, attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing of this Stipulation.